**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSE LUIS GRIJALVA-FLORES, | No. 12-72885 |
| Petitioner, | Agency No. A089-859-524 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Jose Luis Grijalva-Flores, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Grijalva-Flores does not raise any challenge to the agency's dispositive finding that he withdrew his asylum application, or make any arguments regarding CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition as to Grijalva-Flores's asylum and CAT claims.

Substantial evidence supports the agency's finding that Grijalva-Flores's experience did not rise to the level of persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153-54 (9th Cir. 2005) (record did not compel finding of past persecution). Further, contrary to Grijalva-Flores's contention, the agency did not improperly analyze his past persecution claim. Substantial evidence also supports the agency's finding that Grijalva-Flores did not establish it is more likely than not that he will be persecuted, given his relocation without incident within El Salvador, *see Ochave v. INS*, 254 F.3d 859, 867-68 (9th Cir. 2001), and the absence of any evidence of continuing interest in him, *see Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1995). In light of our conclusions, we do not reach Grijalva-Flores's social group contentions. Thus, his claim for withholding of removal fails.

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security. *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED.**